976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando CASILLAS-HERNANDEZ, a/k/a Marcos Alberto
Gonzalez-Hernandez, Defendant-Appellant.
 No. 91-50552.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided Sept. 17, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armando Casillas-Hernandez (Casillas) appeals his sentence for transporting unlawful aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Casillas argues that the district court erred by departing upward three levels because Casillas endangered others while fleeing Border Patrol agents. We vacate and remand for resentencing.
 
 STATEMENT OF CASE
 
 3
 Casillas entered this country illegally. He agreed to drive other aliens north to Los Angeles in lieu of payment for his own transportation. On January 9, 1991, Casillas loaded eight aliens into a car, three of them in the trunk, and headed north onto Interstate 5. Border Patrol agents activated their lights and siren, but Casillas did not yield and a chase began. Casillas exited the freeway, drove through two stop signs and a red light, and then re-entered the freeway heading south. Casillas pulled over to the side of the road and bailed out of the car while it was still moving. The car rolled down an embankment and crashed into a fence.
 
 
 4
 Casillas pled guilty to one count of transporting unlawful aliens. The court found a total offense level of eight, which included a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. Casillas had a criminal history category of III. The Guidelines dictated a sentence of six to twelve months. The district court departed upward three levels based upon the chase and sentenced Casillas to 18 months.
 
 DISCUSSION
 
 5
 The district court had the authority to depart upward under application note 8 to U.S.S.G. § 2L1.1 because of Casillas's dangerous treatment of the aliens. United States v. Hernandez-Rodriguez, No. 91-50572, slip op. 11175, ---- (9th Cir. Sept. 15, 1992). The district court lacked the authority to depart upward under section 3C1.2 based on the danger to other motorists. Id. at ----. When the district court relies on both a valid and an invalid ground for departure, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, ... that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, --- U.S. ----, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992). On the record before us we cannot conclude that the district court's error was harmless. Furthermore, the district court failed to explain the amount of its departure, nor did it analogize to other portions of the Guidelines. United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). Without the benefit of the district court's reasoning we cannot conclude that the three-level departure was reasonable. Id.; see United States v. Streit, No. 90-10509, slip op. 5701, 5719 (9th Cir. May 19, 1992) (amended opinion) (this court considers "the reasons actually articulated by the district court both for the departure and the extent of the departure"). Therefore we vacate the sentence and remand for resentencing.
 
 
 6
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3